UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALU, INC., BOGEN IMAGING, INC. and
LINO MANFROTTO + CO. S.p.A., ,

             Plaintiffs,

-vs-                                      Case No. 6:06-cv-327-Orl-28DAB

KUPO CO., LTD.,

             Defendant.

## ORDER

This case is before the Court on Plaintiffs' Motion To Enter A Default Judgment and Permanent Injunction (Doc. No. 33) filed August 10, 2006, and Plaintiffs' Motion For Attorney's Fees (Doc. No. 29) filed July 21, 2006. The United States Magistrate Judge has submitted a report recommending that the motion to enter a default judgment be granted and the motion for attorney's fees be granted in part and denied in part.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

1. That the Report and Recommendation filed December 15, 2006 (Doc. No. 35) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiffs' Motion for Default Judgment and Permanent Injunction is **GRANTED**.

3. Judgment shall be entered against the Defendant, Kupo Co., LTD.

4. Defendant Kupo Co., LTD has not disputed that Plaintiff Lino Manfrotto + Co. S.p.A. is the owner of the entire right, title and interest in and to the U.S. Patent No. 5,662,429 (the '429 Patent) including the right to sue and recover for past infringement thereof; that the '429 Patent was duly and legally issued and is valid and enforceable; and that the '429 Patent was infringed by the Defendant through Defendant's "KUPOLE" product and such infringement was deliberate and willful.

5. Defendant and its officers, directors, agents, servants, employees, affiliates, successors, assigns, representatives and those acting in concert or participation with any of them who receive actual notice of this Order are hereby permanently enjoined and restrained from engaging in further acts of infringement of the '429 Patent, pursuant to 35 U.S.C. § 283, including but not limited to manufacturing, selling, distributing, importing, promoting, marketing, advertising or displaying anywhere the "KUPOLE" product.

6. Defendant and its officers, directors, agents, servants, employees, affiliates, successors, assigns, representatives and all those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from manufacturing, selling, distributing, importing, promoting, marketing, advertising or displaying anywhere, including but not limited to at any trade show or via the internet:

   a. any trade name, trademark, service mark or other indication of source or origin, the mark, designation or name "SUPERB CLAMP" or any other trade name,

trademark, service mark or other indication of source or origin that is confusingly similar to or constitutes a copy or colorable imitation of Plaintiffs' "SUPER CLAMP" mark;

  b. the "SUPERB CLAMP" and "KUPOLE" products or any other product that is confusingly similar to or constitutes a copy or colorable imitation of the trade dress or non-functional features of Plaintiffs' "SUPER CLAMP" or "AUTOPOLE2" products regardless of the trademark or name under which such products are offered for sale;

  c. making or displaying any statement, representation or promotional or marketing material that is likely to lead the public to believe that Defendant's goods are in any manner licensed, sponsored, endorsed, approved, authorized by or associated, affiliated or otherwise connected with Plaintiffs.

  7. The $20,000.00 (twenty thousand dollars) bond posted by the Plaintiffs is hereby dissolved and discharged.

  8. Plaintiffs are awarded $12,000.00 (twelve thousand dollars) in total attorneys' fees.

  9. Defendant is hereby ordered to pay to Plaintiffs attorneys' fees of $12,000.00 (twelve thousand dollars).

  10. To the extent Plaintiffs' motion for attorney fees (Doc. 29) seeks to recover costs, it is **DENIED** without prejudice to Plaintiffs filing a Bill of Costs within seven (7) days from the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___19___ day of January, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party